## STATE OF FLORIDA v REED (Consolidated)
### Case No. 89-0002-AC A02
Fifteenth Judicial Circuit, Palm Beach County
December 12, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

**Frederick Susaneck, Esquire,** for appellee, Robert Reed.

**Ken Ronan, Esquire,** for appellee, John Colacurcio.

**Jesus Paradez,** pro se.

**Theodore S. Booras, Esquire,** for appellee, Marc Marlin.

**Richard Springer, Esquire,** for appellee, Michael Culgrove.

Before CARLISLE, COHEN, MILLER, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The issue in these cases is whether a breathalyzer refusal form was sworn to. Section 322.261 F.S. requires a sworn statement that a defendant refused the breath test. In each case a law enforcement

officer signed a form which contained the words: "I, _____ (Officer's name), affirm . . . " followed by the necessary language and appropriate spaces to allege a refusal to submit to a breath analysis. The form also contains the following:

---

Signature of law enforcement officer
THIS AFFIDAVIT MUST BE NOTARIZED OR ATTESTED TO
(F.S. 117.10)

---

Signature of attesting officer

TITLE

DATE

In no case did any of the officer say "I swear . . . " sacrifice any animals, perform any other rituals or even cross their hearts and hope to die.

Affirm is synonomous with swear, 1.01(6) F.S. In *State v Foster,* Case No: 92663, 4, 5, 6BW, County Court of the Eleventh Judicial Circuit, Dade County, Florida, the arresting officer testified that she *did not swear* to the "Refusal to Submit to Breath, Urine or Blood Test" affidavit. There is was held:

"This court further finds that where the verification is not under penalty of perjury, there exists the possibility of illegal and improper refusal suspensions being issued by the State. It is necessary that these documents actually be sworn to do that such behavior can be properly prevented."

In *State v Johnston,* 14 FLW 2519, October 27, 1989, the trial judge found that the Trooper *did not swear* to the truth of the facts in the affidavit form. The Second District Court of Appeal held that the failure to swear to the affidavit prohibited the Department of Highway Safety and Motor Vehicles from initiating proceedings to suspend the driving privilege. This case has been recalled for further consideration.

Appellee Reed is typical. Trooper Watts testified she completed the form and signed it before a Trooper Mike Denson. She testified that Trooper Denson "just basically witnessed my signature." Trooper Denson signed in a blank provided for the signature of an attesting officer. Section 117.10 F.S. provides that law enforcement officers are notaries public for the purpose of attesting to documents in connection with the performance of their official duties.

The purpose of obtaining a valid oath is that perjury will lie for its falsity. An oath is an unequivocal act before an officer authorized to administer oaths by which the person knowingly attests to the truth of a statement and assumes the obligation of an oath. While an oath is an unequivocal act, it requires no particular ritual. There are no magic words, no arcane formulae.

The unequivocal act in these cases is the placing of the officer's signature before an officer authorized to administer oaths. Undoubtedly, these officers subjected themselves to the penalty of perjury if their statements should prove false. The decisions of the County Court in the above cases are hereby reversed.

COHEN and MILLER, JJ., Concur.